IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BENNIE AUSTIN MACK, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  1:08CV753 |
| | ) |
| JAMES R. WOODALL, JR., et al., | ) |
| | ) |
| **Defendant(s).** | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983[1], together with an application to proceed in forma pauperis. The form of the complaint is such that serious flaws make it impossible to further process this complaint. The problems are:

1. The complaint is not on forms prescribed for use by this court, nor is the information requested by such forms and necessary to process the complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(f).

2. Filing fee was not received nor was a proper affidavit to proceed in forma pauperis submitted, with sufficient information completed or signed by Plaintiff, to permit review. [Attached forms, instructions.] The Clerk of Court will enclose a current version of the affidavit forms which provides space for all the necessary information.

---

[1]Plaintiff also mentions other statutory sections. Nevertheless, these appear to be only statutes setting out remedies, as opposed to statutes allowing substantive causes of action. The one possible exception is a mention of the "R.I.C.O. Act;" however, Plaintiff does not then state any claims under this act.

3. To at least some extent, Plaintiff has not named proper defendants or given sufficient addresses for them to be served. He lists no addresses for any defendants. More importantly, most of the defendants named in his suit are not proper defendants. For instance, he is attempting to sue state court prosecutors for prosecuting him on state charges. Prosecutors have absolute immunity for their participation in the judicial process. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993); <u>see</u> <u>Lyles v. Sparks</u>, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity). Also, most of the defendants named are private citizens, not state actors. Private citizens are not ordinarily proper defendants in a § 1983 suit. Certainly, Plaintiff has not made sufficient allegations to include the private citizen defendants in this suit.

4. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the court, and one copy for each defendant named.

5. Plaintiff's allegations consist almost entirely of legal conclusions, rather than factual allegations. Because of this, he has not set out any of his claims so that any defendant in the case could reasonably know what acts they committed that allegedly violated Plaintiff's rights.

Consequently, this particular complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed <u>in forma pauperis</u>, and a copy of pertinent parts of Fed. R. Civ. P. 8 (<u>i.e.</u> Sections (a) & (e)).

<u>In forma pauperis</u> status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that <u>in forma pauperis</u> status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed <u>in forma pauperis</u>, and a copy of pertinent parts of

Fed. R. Civ. P. 8 (i.e. Sections (a) & (e)).

**IT IS RECOMMENDED** that this action be filed and dismissed sua sponte without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

_____
**Wallace W. Dixon, U. S. Magistrate Judge**

October 28, 2008